UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>    Plaintiff,<br><br>  v.<br><br>JOE BURNETT, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-00573-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT (1) THIS ACTION BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER; AND (2) DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, A MOTION FOR A MORE DEFINITE STATEMENT, BE DENIED AS MOOT<br><br>(ECF Nos. 5, 10)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Sergio Alvarez proceeds *pro se* in this civil action, which was removed from state court on May 15, 2025. (ECF No. 1). Defendants filed a motion to dismiss on May 22, 2025 (ECF No. 5). However, Plaintiff has not responded to Defendants' motion to dismiss or filed anything else in this case since it was removed to this court.

Given Plaintiff's failure to prosecute this case and comply with a court order, the Court will recommend that this case be dismissed, without prejudice, and that Defendants' motion to dismiss be denied as moot.

\\\

\\\

\\\

1

**I.     BACKGROUND**

Plaintiff's complaint, filed in the Fresno Superior Court on April 22, 2025, claims that Defendants Joe Burnett and Local 155 Ironworkers breached a contract, resulting in $30,000 in damages. (ECF No. 1, p. 9).[1]

On May 22, 2025, Defendants filed a motion to dismiss, or in the alternative, a motion for a more definite statement, including a certificate of service noting that the filing was mailed to Plaintiff the same day. (ECF No. 5, p. 10). Defendants state that Defendant Burnett is "a business representative employed by the Union," that Plaintiff is a union member, and that "there are no contracts involving Alvarez and the Union other than the International Constitution applicable to his union membership and the collective bargaining agreement to which the Union is signatory, and which sets forth Alvarez's terms and conditions of employment." (ECF No. 5, pp. 2, 3). Defendants further assert that "any contract between the parties would be among the 'contracts' covered by Section 301 of the Labor Management Relations Act (LMRA), and therefore subject to exhaustion requirements imposed on claimants like Alvarez by Congress and the courts." (*Id.*). Defendants argue that "[t]his Court must dismiss Alvarez's claim because he has not exhausted contractual remedies." (ECF No. 5, p. 3). The motion to dismiss attaches copies of the collective bargaining agreement and union constitution and states that they may be considered because they are incorporated by reference into the complaint and they may be judicially noticed. (*Id.* at 2, n.1).

Alternatively, Defendants argue that, "if this Court cannot, at this stage, find that Alvarez's breach of contract claim is encompassed by § 301, then under Federal Rule of Civil Procedure 12(e), it should order a more definite statement because the allegations are so threadbare that the Union cannot formulate a response." (*Id.*).

Lastly, Defendants argue that Burnett, as a business representative employed by the union, "cannot be held personally liable for actions taken in the course and scope of their employment and the only proper defendant in such a situation is the union itself." (*Id.*).

After Plaintiff failed to file any opposition to the motion to dismiss within the 14 days permitted under Local Rule 230(c), the Court issued an order granting him a single *sua sponte*

---

[1] It is not clear from the complaint what the contract at issue concerns, nor the relationship between Plaintiff and Defendants.

extension to July 14, 2025, to file an opposition or a statement of non-opposition to Defendants' motion. (ECF No. 10). The Court advised Plaintiff "that the failure to file a timely opposition may be construed by the Court as a nonopposition to the motion and may additionally result in the dismissal of this case without the Court permitting any further opportunity to respond." (ECF No. 10).

Since issuing this order, Plaintiff has filed nothing. Moreover, since removal, Plaintiff has not filed anything in this case.

## II.     ANALYSIS

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest . . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ." *Id.* Here, Plaintiff's failure to respond to Defendants' motion to dismiss as required under the Local Rules, despite being given a second opportunity to do so by the Court, is consuming the Court's limited time. This failure is delaying this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to respond to Defendants' motion to dismiss that is causing delay. Moreover, the Court notes that Plaintiff has filed nothing in this case since removal, which

3

indicates that this case would continue to be delayed indefinitely if it were not dismissed. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has stopped prosecuting this case, despite being warned of possible dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Excluding evidence at this early stage would be a meaningless sanction. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. *See Robertson v. California Dep't of State Hosps.-Sacramento*, No. 1:23-CV-00912-KES-EPG, 2024 WL 3398340, at *1 (E.D. Cal. July 12, 2024) (adopting recommendation to dismiss case, without prejudice, for failure to prosecute and comply with court order after the plaintiff failed to respond to a motion to dismiss, and also denying motion to dismiss as moot).

### III.     CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS RECOMMENDED as follows:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute this case and comply with a court order.
2. Defendants' motion to dismiss, or in the alternative, a motion for a more definite statement, be denied as moot. (ECF No. 5).
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Any reply to another party's objections may be filed within fourteen (14) days. The parties are advised that failure to file objections within the specified time may

result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 18, 2025**                        /s/ *Erica P. Grosjean*
                                                         UNITED STATES MAGISTRATE JUDGE

5